738 So.2d 1024 (1999)
ABBOTT & PURDY GROUP INC. and David Abbott, Appellants,
v.
Lowry M. BELL, Jr. and Diana Carol Bell, Appellees.
No. 98-2404.
District Court of Appeal of Florida, Fourth District.
August 18, 1999.
*1025 Michele I. Nelson of Paxton, Crow, Bragg, Smith & Nelson, P.A., West Palm Beach, for appellants.
Jack S. Cox of Jack Schramm Cox, P.A., Palm Beach Gardens, for appellees.
TAYLOR, J.
The issue in this appeal is whether section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 require entry of a final judgment against an offeror upon the offeree's acceptance of a proposal of settlement. We hold that unless the terms of a settlement proposal specifically provide for the entry of a judgment against the offeror, a trial court lacks authority to enter a final judgment where the offeror is willing to proceed with payment and conclusion of the settlement.
The appellants filed a complaint against appellees, which included claims for slander. Appellees counterclaimed for slander and tortious interference with an advantageous business relationship. Initially, appellees sought recovery of full damages. However, after the trial court ordered appellees to produce their tax returns during discovery, they amended their counterclaims to seek only nominal damages. In an effort to settle appellees' counterclaims, appellants served ten separate Proposals of Settlement on appellees, each in the amount of one hundred dollars. Their settlement proposals expressly stated that they were made pursuant to section 768.79, Florida Statutes, and Fla. R. Civ. P. 1.442. Appellees accepted the proposals of settlement and filed their acceptance, along with a motion for entry of final judgments. Over appellants' objection, the trial judge granted the appellees' motion and entered final judgments in their favor. We reverse.
We first observe that this issue involves an interpretation of the statute and rule governing civil settlements and appears to be one of first impression in this court. In 1996, Fla. R. Civ. P. 1.442 was amended. The Committee Notes on the amendment state:
This rule replaces former rule 1.442, which was repealed by the Timmons decision, and supersedes those sections of Florida Statutes and the prior decisions of the court, where reconciliation is impossible, in order to provide a workable structure for proposing settlements in civil actions.
Amended Rule 1.442, which provides the mechanism for making and accepting a proposal for settlement, applies to all proposals of settlement authorized by Florida law, regardless of the label placed on the offer, and specifically provides that it "supersedes all other provisions of the rules and statutes that may be inconsistent with this rule." According to subsection (f) of *1026 the rule, an acceptance is made "by delivery of a written notice of acceptance within 30 days after service of the proposal." There is no provision in the rule requiring entry of a judgment following acceptance of a proposal of settlement.
In this case, appellants' proposals of settlement did not contain any language offering to have judgments entered against them. Moreover, appellants were at all times willing to proceed with payment and close the settlement. They contend that the trial judge erred in ruling that the appellees were entitled to entry of final judgments upon their acceptance of appellants' proposals of settlement, because neither Rule 1.442 nor section 786.79 mandate entry of judgment. Appellees counter that Rule 1.442 does not preclude the entry of a judgment and that section 768.79, though silent on the issue, by its language contemplates the entry of a final judgment after acceptance of a settlement offer.
After examining the statute and rule governing proposals of settlements and offers for judgments, the trial judge determined that section 768.79 "clearly created certain substantive rights, including the right to a judgment when its conditions are met" and that Rule 1.442 "merely provides a machinery or vehicle for the judicial process to implement the substantive rights made possible by the statute." He observed that section 768.79 is specifically entitled, "Offer of Judgment and Demand for Judgment" and that "the very first sentence of the statute provides a substantive vehicle for a defendant who `files an offer of judgment.'" He further found it significant that the statute refers to "judgment" 17 times, and reasoned that the statute contemplates entry of a final judgment with the following language in subsection (2):
The offer shall be construed as including all damages which may be awarded in a final judgment. ( Emphasis added).
Appellants argue that the numerous references to "judgment" in section 768.79 pertain to judgments obtained post-trial, as a result of rejection by the offeree of the settlement proposal. Generally, section 768.79 creates a substantive right to collect reasonable costs and attorney fees as "penalties" for the declining party's failure to accept the offer and terminate the litigation.[1]See Hannah v. Newkirk, 675 So.2d 112, 114 (Fla.1996); TGI Friday's., Inc., v. Dvorak, 663 So.2d 606, 611 (Fla.1995).
We find that the language in section 768.79(2), providing that the "offer shall be construed as including all damages which may be awarded in a final judgment," does not establish a substantive right to a final judgment, but merely declares that, so long as the offer satisfies the statutory requirements as to form and content, the offer must be read as encompassing all damages which may ultimately be awarded in the final judgment for purposes of later determining entitlement to attorneys fees under section 768.79. See MGR Equip. Corp., Inc. v. Wilson Ice Enter., Inc., 731 So.2d 1262 (Fla.1999).
Current Rule 1.442 specifies in greater detail than its predecessor those matters which must be contained in an offer of settlement, but it does not state that acceptance of an offer of settlement is to result in entry of a judgment. Both Rule 1.442 and section 768.79 provide the procedural mechanism for an "offer" and "acceptance" to result in a "settlement agreement." As set forth in subsection (4) of the statute, once the offer and acceptance are filed, the court "has full jurisdiction to enforce the settlement agreement." Although *1027 Rule 1.422 does not specify what action the trial judge may take in those proceedings in order to enforce the agreement, arguably one of the mechanisms the court could use would be to enter a judgment, upon which the offeree could then execute. But this would not be necessary unless the offeror fails or refuses to pay the agreed amount. Such is not the case here.
Appellees further rely upon Rule 68 of the Federal Rules of Civil Procedure to support their position that they are entitled to have a judgment entered. The federal rule on offers of judgment states that upon acceptance of an offer of judgment, the clerk shall enter a judgment. Our former Rule 1.442 was adopted using Federal Rule 68 as a model, and specifically provided that "[i]f the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment." (Emphasis supplied). Notably, amended Rule 1.442 does not mandate entry of judgment upon acceptance of an offer of settlement. In this respect, the state rule of civil procedure differs substantially from the federal rule. Hence, Rule 68 holds no persuasive authority in interpreting Rule 1.442 on this issue. See, e.g., 5G's Car Sales, Inc. v. Florida Dep't. of Law Enforcement, 581 So.2d 212 (Fla. 3d DCA 1991); Tucker v. Resha, 610 So.2d 460, 463 (Fla. 1st DCA 1992).
Finally, we reject appellees' argument that they are entitled as a matter of right to entry of final judgments to vindicate their rights in this type of case (slander), wherein they are seeking only nominal damages. We agree, instead, with appellants' position that requiring entry of judgment, absent an agreement for such resolution of the lawsuit, is contrary to the public policy of Florida to promote settlements and early termination of litigation. See Eagleman v. Eagleman, 673 So.2d 946 (Fla. 4th DCA 1996). A common reason for settling a lawsuit is to avoid a judgment of record. Therefore, unless the terms of a settlement proposal specifically state that entry of a judgment is contemplated, the proposal should not be so construed. Accordingly, we reverse the final judgments entered against appellants and remand this cause for further proceedings.
REVERSED and REMANDED.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Under the offer of judgment statute, if "a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees ... incurred from the date the offer was served, and the court shall set off such costs and attorney's fees against the award." § 768.79(6)(a), Fla. Stat. (1995).