[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**11/19/99**
**THOMAS K. KAHN**
**CLERK**

No. 98-5626
Non-Argument Calendar

D. C. Docket No. 97-08500-CV-ASG

IN RE:

WILLIAM FREDERICK COLWELL and
RUBY COLWELL,

Debtors.

WILLIAM FREDERICK COLWELL,
RUBY COLWELL,

Plaintiffs-Appellees,

versus

ROYAL INTERNATIONAL TRADING
CORPORATION,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(November 19, 1999)**

Before ANDERSON, Chief Judge, DUBINA, Circuit Judge and GODBOLD, Senior
Circuit Judge.

PER CURIAM:

The Colwells jointly filed a Chapter 7 bankruptcy case. Although Florida law does not recognize legal separations the Colwells had been separated for 3 ½ years before filing the petition. Prior to the bankruptcy petition each had acquired a separate home and had obtained a separate homestead exemption on that home.

Florida has chosen to opt out of federal exemptions and elected to apply its own. 11 U.S.C. § 522 (b)(1); Fla. Stat. §§ 222.21 and 222.20; 3 Collier on Bankruptcy, § 522.08 at 522-44, n. 8a. The Colwells asserted to the bankruptcy court that Article X, § 4 of the Florida constitution required that they be granted separate homestead exemptions. Royal International excepted. In 1998 the bankruptcy court sustained the exception, stating that it could find no case law to support dual homestead exemptions for married individuals residing on two distinct, non-contiguous parcels of property. See In re Colwell, 208 B.R. 85 (Bankr. S. D. Fla. 1997). The Colwells appealed to the United States District Court, S.D. Florida, which reversed the bankruptcy court. Royal appealed to the Eleventh Circuit.

Pursuant to Erie Railway the bankruptcy court must interpret and apply the Florida exemption law in the same manner as a Florida state court. Florida state court decisions establish that as a matter of the public policy of the state, giving a liberal construction as required, a homestead exemption can be established to each of two people who are married but legitimately living apart in separate residences, if they otherwise meet the requirements of the exception, and, by "legitimately" they mean

that there is no fraudulent or otherwise egregious act by the beneficiary of the exemption.  <u>Law v. Law</u> 738 So.2d 522 (Fla. App. 4th Dist. Aug. 19, 1999) ;  <u>In re Englander</u>, 95 F.3d 1028 (11th Cir. 1996) (closely analyzing Florida law and using Florida state court cases to determine the applicability of the Florida homestead exemption); <u>Myers v. Leahrer</u>, 671 So.2d 864, 866 (Fla. App. 4th Dist. 1996); <u>Public Health Trust of Dade County v. Lopez</u>, 531 So.2d 946, 948 (Fla. 1988); <u>Isaacson v. Isaacson</u>, 504 So.2d 1309 (Fla. App. 1st Dist. 1987); see also <u>Radin v. Radin</u>, 593 So.2d 1231 (Fla. App. 3d Dist. 1992).  There is a presumption that the exemption applies.  See <u>Snyder v. Davis</u>, 699 So.2d 999, 1002 (Fla. 1997).  The district court concluded that the living arrangements of the Colwells were not shown to be the subject of fraud and that Royal had not brought forth evidence to overcome the presumption favoring the exception.  There was no error.

AFFIRMED.