784 So.2d 1135 (2000)
JAIME SCHAPIRO AIA & Associates Architects Planners and Jaime Schapiro, Individually, Appellants/Cross-Appellees,
v.
Mitchell RUBINSON, as trustee of the White House on the Beach Land Trust, Appellee/Cross-Appellant.
Nos. 3D00-1206, 3D00-833.
District Court of Appeal of Florida, Third District.
November 1, 2000.
*1136 Becker & Poliakoff, Clearwater and Roderich V. Hannah, for appellants/cross-appellees.
Goldstein & Tanen and Richard Goldstein and Susan E. Trench, Miami, for appellee/cross-appellant.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
In these consolidated cases, Mitchell Rubinson, trustee of The White House on The Beach Land Trust (herein Rubinson), owner/developer of a proposed South Beach apartment complex, appeals a final judgment entered in favor of an architecture firm, Jaime Schapiro & Associates and Jaime Schapiro, individually, (herein Schapiro), on Rubinson's claims for breach of contact and negligence. Schapiro cross appeals the denial of a claim for foreclosure of lien and for payment of sums due. In the companion case, Schapiro appeals the final judgment denying its Motion to Tax Attorney's Fees and Costs. We affirm the court's decision on the main appeal and the cross appeal, and we reverse the order denying fees.
The crux of Rubinson's claim was that the parties had entered into a "Standard Form of Agreement Between Owner and Architect," and that pursuant to the parties' agreement, Schapiro had submitted a Statement of Probable Cost, estimating the cost of the proposed project to be $5,020,025. Upon bidding out the project, its cost, even when scaled down, had come to over seven million dollars. Rubinson claimed this amounted to a breach of the parties' agreement as well as negligence.
Substantial competent evidence supported the trial court's decision that Rubinson's claims of breach of contract and professional negligence should fail. The trial court concluded that by entering a letter of intent to proceed with the project after being fully apprized of the additional cost of the project, Rubinson rendered moot the issue of any variance between the "statement of Probable Costs" and its affect on Rubinson's decision to proceed with the project. The court made a second finding that there was no negligence on the part of Schapiro that was the legal cause of any claimed damages by Rubinson. The court made a third finding that the project had not proceeded because Rubinson had made a business decision that more money would be made by selling the land.
We find the record supports the court's analysis and decision. There was testimony that during the construction documents phase, a second designer employed by *1137 Rubinson had submitted his interior design specifications. These specifications contained a number of high price items. Schapiro had advised Rubinson's project manager that the high price design additions would increase the cost of the project significantly. According to Schapiro, Rubinson never requested any revised estimate of probable costs. Rather, as the trial court concluded, well aware of the true costs of the project, Rubinson decided to proceed with the project by entering its letter of intent with builder and friend Arkin Construction Company. Thus, as the court reasoned, any earlier inaccuracy in projected costs was not the cause of harm to Rubinson. Moreover, the record testimony supports the trial court's conclusion that Rubinson simply decided that it could make more by selling the land, which is what its project manager had told Jaime Schapiro when he told him the project was off.
We likewise find no merit to Schapiro's claim for foreclosure of lien and for payment of sums due. As Rubinson points out, Schapiro, in response to questions, was unsure of the amounts due. The trial judge may have simply concluded that Schapiro had failed to prove his claim.
As to the attorney's fees issue, under section 768.79 Florida Statutes (1999), a defendant moving for attorney's fees and costs based on a rejected offer of settlement is required to show that it has served an offer of judgment, and that it has recovered a judgment that is at least 25% less than the amount offered. Here, Shapiro served a proposal of settlement offering $50,751.11, as well as dismissal of Shapiro's counterclaim valued at $45,000. March 20, 2000, Shapiro filed a motion to tax fees and costs based on the rejected proposal. The trial court denied the motion. However the trial court failed to hold a hearing and failed to require Rubinson to satisfy the burden of showing that the proposed settlement was not made in good faith.
While the trial court has the authority to make a determination that the offer was not made in good faith, here, as Rubinson concedes, a hearing should have been held. Thus, we remand for an attorney's fees hearing. See Pacer Techn. v. Lee Pharm. Inc., 737 So.2d 1238 (Fla. 3d DCA 1999) (concluding that a review of the record shows that the third-party plaintiffs presented no evidence that met their burden of proving that Pacer's offer was not made in good faith); Allstate Ins. Co. v. Manasse, 715 So.2d 1079 (Fla. 4th DCA 1998)(holding good faith requirement for award of attorney fees under offer of judgment statute demands that offeror have reasonable foundation on which to base offer; statute requires that once entitlement to attorney fees is established, it is lost only if offeree proves that offeror acted without good faith).
Accordingly, the main appeal should be affirmed as to both parties, and the order denying fees outright is reversed for a hearing on the matter.