**In re Annemarie MINTON, Debtor.**

**No. 6:07–bk–05444–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

March 31, 2008.

---

John C. Brock, Jr., Florida Default Law Group, Tampa, FL, for Creditor.

Georgina Roman–Secor, Law Office of Roman–Secor PA, Orange City, FL, for Debtor.

## *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Objection to Debtor's Claim of Exemption (Doc. No. 18) ("Objection") filed by Emerson C. Noble, the Chapter 7 Trustee herein ("Trustee"), objecting to the homestead exemption claimed by Annemarie Minton, the Debtor herein ("Debtor"). An evidentiary hearing was held on February 25, 2008 at which the Debtor, counsel for the Debtor, and the Trustee appeared. The Trustee was directed to inform the Court within fourteen days whether further briefing or hearing was needed. The Trustee indicated no further briefing or hearing was necessary (Doc. No. 32).

The Debtor filed this Chapter 7 case on October 31, 2007 listing 1088 Eleanor Court, Deltona, Florida 32725 as her address of record. She listed as her sole asset in Schedule A, real property located at 2920 SE 148th Place Road, Summerfield, Marion County, Florida 34491 ("Property").

The Debtor and Mr. Jamison Brown lived together for several years; jointly own the Property; are co-debtors of the two mortgages encumbering the Property; both paid the expenses related to the Property; and jointly own much of the furniture. The Debtor alleges she left the Property to escape "domestic violence by Jamie Brown" (Doc. No. 22) and he continues to reside at the Property. The domestic violence arose apparently based upon the dating of another individual.

The Debtor presented two Affidavits of third parties, Rhonda Wallbrecher and Michael Courtemanche, stating they received telephone calls from the Debtor in February 2005 from which it appeared the Debtor and Mr. Brown were having an altercation and subsequently observed bruises on the Debtor (Doc. No. 31).

The Debtor claimed an exemption of $38,729.50 in the Property pursuant to the Florida homestead exemption of Article X, Section 4(a) of the Florida Constitution and Fla. Stat. Sections 222.01, 222.02, and 222.05 (Doc. No. 1, Schedule C).

Debtors filing for bankruptcy protection in Florida are entitled to the Florida state law exemptions due to Florida's opt-out of the federal exemption scheme pursuant to 11 U.S.C. Section 522(b) and Fla. Stat. Section 222.20 (1998). Article X, Section 4(a) of the Florida Constitution sets forth a homestead exemption:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited

to the residence of the owner or the owner's family.

FLA. CONST. art. X, § 4(a)(1).

■ A "bankruptcy court must interpret and apply the Florida exemption law in the same manner as a Florida State Court." *Colwell v. Royal Int'l Trading Corp. (In re Colwell)*, 196 F.3d 1225, 1226 (11th Cir.1999). It is "well settled" in the Florida State Courts the homestead exemption "should be liberally construed in the interest of protecting the family home." *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So.2d 431, 432 (Fla.1968). A debtor's Florida homestead exemption claim is presumptively valid. *Colwell*, 196 F.3d at 1226; 11 U.S.C. § 522(*l*) ("the property claimed is exempt").

■ A home loses its exempt homestead status through abandonment or alienation. *Clark v. Cox*, 80 Fla. 63, 85 So. 173, 174 (1920). Such exceptions to the exemption "should be strictly construed." *Monson v. First Nat. Bank of Bradenton (In re Monson)*, 497 F.2d 135, 138 (5th Cir.1974). Florida State Courts exhibit "extreme reluctance" to find abandonment of the homestead exemption. *Id.* at 139 n. 3. "[M]ere absence from the household, when necessitated by health, financial, or familial concerns, does not effect an abandonment of the homestead exemption." *Id.* at 138–39 *(internal citations omitted)*.

■ "The question of whether there has been an abandonment of a homestead should be determined by a consideration of all the pertinent facts and circumstances of each individual case." *Marsh v. Hartley*, 109 So.2d 34, 38 (Fla. 2d DCA 1959). Leaving furniture at the property and the absence of intent to dispose of the property, such as through sale or forfeiture, constitute indicia of intent to return. *Monson*, 497 F.2d at 139.

■ The claimant's stated intention regarding the property is a principal factor in determining whether abandonment has occurred. *See, Id.* at 139 (holding no abandonment where husband and wife absented themselves from homestead to address marital issues and possessed an intent to return); *Marsh*, 109 So.2d at 38 (explaining there is no abandonment "so long as there remains his intention to return and so long as there is no clear intention to abandon the homestead right.").

■ The Trustee objects to the Debtor's homestead exemption claim asserting the Debtor abandoned the Property and is not entitled to the exemption. The party challenging a homestead exemption carries the burden "to make a strong showing" the debtor is not entitled to the claimed exemption. *In re Franzese*, 383 B.R. 197, 203 (Bankr.M.D.Fla.2008).

The Trustee contends the Debtor's failure to reside at the Property or take protective action establishes abandonment. The Debtor made no reports of domestic violence with law enforcement agencies nor sought a domestic violence injunction against Mr. Brown. She has not attempted to obtain possession of the Property by instituting State Court litigation for partition or possession. The Trustee presented no authority establishing the Debtor's inaction constitutes abandonment of the homestead.

The Debtor testified she did not abandon the Property, but absented herself from the Property to escape domestic violence perpetrated by Mr. Brown. She set forth in her Chapter 7 Individual Debtor's Statement of Intention she intends to retain the Property and make regular monthly mortgage payments to the mortgage holders (Doc. No. 1). She has not disposed of, alienated or surrendered the Property. The furniture remains at the

384

Property (Doc. No. 1, Schedule B). No stay relief has been sought against the Property indicating the mortgages are probably in good standing.

The Trustee has failed to establish the Debtor abandoned the Property and is not entitled to the homestead exemption. All of the pertinent facts and circumstances of this case indicate the Debtor has not abandoned the Property and intends to return. She temporarily left the Property for legitimate personal safety concerns. The Debtor's interest in the Property is entitled to be exempt pursuant to Article X, Section 4(a) of the Florida Constitution.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Trustee's Objection (Doc. No. 18) to the Debtor's homestead exemption claim is hereby **OVERRULED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor's homestead exemption claim is hereby **ALLOWED** and her interest in the real property located at 2920 SE 148th Place Road, Summerfield, Marion County, Florida 34491 is exempt as homestead pursuant to Article X, Section 4(a) of the Florida Constitution.