[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13046

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-01693CV-T-24MSS & 03-00798-BKC-AL

CHAPTER 7 TRUSTEE DOUGLAS N. MENCHISE,

                                        Plaintiff-Appellant,

                    versus

AKERMAN SENTERFITT,
a Florida professional association,
MICHAEL I. GOLDBERG,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 2, 2008)**

Before EDMONDSON, Chief Judge, PRYOR, Circuit Judge, and JOHNSON,[*] District Judge.

PRYOR, Circuit Judge:

The trustee for the estate of Terri L. Steffen appeals an award of attorney's fees to Akerman, Senterfitt, & Eidson, P.A., and attorney Michael I. Goldberg (collectively "Akerman") under Florida law. Fla. Stat. § 768.79. Steffen argues that section 768.79 is inapplicable in a bankruptcy case and its plain language applies to cases brought only in the "courts of" Florida. Steffen also argues that section 768.79 is preempted by Federal Rule of Civil Procedure 68. Finally, Steffen contends that the district court abused its discretion by denying her requests for discovery and an evidentiary hearing. These arguments fail. Section 768.79 applies in this bankruptcy proceeding, cannot be interpreted to discriminate against a federal forum, and is not preempted by Rule 68. The district court also did not abuse its discretion by denying Steffen's meritless requests for discovery and an evidentiary hearing. We affirm.

## I. BACKGROUND

Steffen's husband, Paul Bilzerian, was convicted of defrauding the United States. United States v. Bilzerian, 926 F.2d 1285, 1299 (2d Cir. 1991). After

---

[*]Honorable Inge P. Johnson, United States District Judge for the Northern District of Alabama, sitting by designation.

2

Bilzerian's conviction, the Securities and Exchange Commission filed a civil suit for violations of the securities laws against Bilzerian. SEC v. Bilzerian, 1991 WL 83964 (D.D.C. Apr. 8, 1991), aff'd, 29 F.3d 689 (D.C. Cir. 1994). The district court for the District of Columbia found Bilzerian liable for securities fraud and ordered him to disgorge over sixty million dollars in illegal profits. SEC v. Bilzerian, 1993 WL 542584, at *1 (D.D.C. June 25, 1993); SEC v. Bilzerian, 814 F. Supp. 116, 121–24 (D.D.C. 1993), aff'd, 29 F.3d 689 (D.C. Cir. 1994); SEC v. Bilzerian, 1991 WL 83964, at *1 (D.D.C. Apr. 8, 1991), aff'd, 29 F.3d 689. Bilzerian filed for bankruptcy after he transferred his interest in assets that he owned with Steffen jointly to Steffen individually. See Steffen v. Gray, Harris & Robinson, P.A., 283 F. Supp. 2d 1272, 1276 (M.D. Fla. 2003) (hereinafter Steffen I), aff'd, 138 F. App'x 297 (11th Cir. 2005) (unpublished decision) (hereinafter Steffen II).

The district court held Bilzerian in civil contempt and determined that his transfer of assets violated the disgorgement order. SEC v. Bilzerian, 112 F. Supp. 2d 12, 13 (D.D.C. 2000). The district court appointed a receiver for the purpose of "identifying, marshalling, receiving, and liquidating" Bilzerian's assets in satisfaction of the disgorgement order. SEC v. Bilzerian, 127 F. Supp. 2d 232, 232 (D.D.C. 2000). At the request of the receiver, the district court froze Steffen's

3

assets and the assets of her entities based on the receiver's belief that Steffen possessed property in which Bilzerian had an interest. See Steffen v. Akerman Senterfitt, 2005 WL 3277894, at *2 (M.D. Fla. Dec. 2, 2005).

Steffen retained Akerman, for which Goldberg worked as an attorney, to free Steffen's assets and assets of her entities. See id. Two days later, Akerman consented to an extension of the asset freeze and stipulated to an order for the production of documents by Steffen and her entities to the receiver. See id. Akerman later moved to withdraw as Steffen's counsel, and the district court granted the motion. See id. at *3.

In 2001, Steffen filed a petition under Chapter 11 of the Bankruptcy Code. See Steffen I, 283 F. Supp. 2d at 1280. Steffen later intervened in the action that the Securities and Exchange Commission brought against Bilzerian and challenged the asset freeze. Steffen v. United States (In re Steffen), 349 B.R. 734, 736–37 (M.D. Fla. 2006). In December 2001, Steffen entered a settlement agreement with the Commission in which she agreed to transfer a fifty-percent interest in her assets to the receiver in exchange for dissolution of the freeze order. Id. at 737.

In 2002, Steffen filed a legal malpractice action against Gray, Harris & Robinson, P.A., which had represented her in the litigation with the Commission after Akerman withdrew from the case. Steffen I, 283 F. Supp. 2d at 1280. Steffen

4

alleged that the firm had negligently advised her to form a system of trusts that exposed her assets during the Bilzerian contempt litigation. Id. The district court granted summary judgment to the firm, id. at 1285, and we affirmed, Steffen II, 138 F. App'x 297.

In 2003, Steffen filed a one-count complaint for legal malpractice against Akerman as an adversary proceeding in the bankruptcy court, and the district court later withdrew the reference to the bankruptcy court. Akerman served Steffen with an offer to settle in the amount of $10,000 under section 768.79 of the Florida Statutes, but this offer did not apportion liability between the law firm and Goldberg. After the decision of the Florida Supreme Court in Lamb v. Matetzschk, 906 So. 2d 1037 (Fla. 2005), Akerman served Steffen with a second offer, which apportioned the amount between the defendants and was conditioned upon the acceptance by Steffen of the offer from each defendant. Steffen did not accept either offer. The district court granted summary judgment in favor of Akerman, and we affirmed.

Akerman moved for attorney's fees under section 768.79 of the Florida Statutes. We granted the motion of Akerman to transfer its application for an award of appellate attorney's fees to the district court. Steffen moved for an extension of time to respond to the motion for attorney's fees, a period of

5

discovery related to that motion, and an evidentiary hearing on that motion. The district court denied Steffen's motion.

The district court held that Akerman was entitled to attorney's fees but denied the requested amount. The district court ordered Akerman to file a second amended motion for attorney's fees that included a detailed billing statement and affidavits regarding reasonableness. After Akerman filed its second amended motion for attorney's fees with appendices, and the district court thoroughly reviewed each billing entry, the district court awarded Akerman $223,158.97 in attorney's fees.

Steffen appealed the award of attorney's fees. The bankruptcy court later converted Steffen's bankruptcy case from a Chapter 11 reorganization to a Chapter 7 liquidation and appointed Douglas N. Menchise as the trustee of the estate. Akerman moved to substitute Menchise as the appellant in this appeal, and we granted the motion.

## II. STANDARDS OF REVIEW

We review the decision of the district court to award attorney's fees for an abuse of discretion. Taylor v. City of Fort Lauderdale, 810 F.2d 1551, 1556 (11th Cir. 1987). "To the extent that the district court's conclusion implicates a question of law, we review de novo." Barnes v. Broward County Sheriff's Office, 190 F.3d

6

1274, 1276–77 (11th Cir. 1999) (citing <u>Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 87 F.3d 1242, 1246 (11th Cir. 1996)). We review discovery rulings and the denial of a request for an evidentiary hearing for an abuse of discretion. <u>Cliff v. Payco Gen. Am. Credits, Inc.</u>, 363 F.3d 1113, 1121 (11th Cir. 2004).

### III.  DISCUSSION

We address Steffen's arguments in two parts.  First, we conclude that the district court did not err when it applied section 768.79 in this bankruptcy proceeding.  Second, we conclude that the district court did not abuse its discretion when it denied Steffen's requests for discovery and an evidentiary hearing.

*A.  The District Court Correctly Applied Section 768.79 in*
*This Bankruptcy Proceeding.*

A Florida statute provides, "In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . if the judgment is one of no liability . . . ."  Fla. Stat. § 768.79(1).  The record establishes that Akerman, as a defendant against a complaint of malpractice governed by Florida law, filed an offer of settlement that Steffen rejected, and a judgment of no liability was entered later in favor of

7

Akerman. The main question in this appeal is whether the district court was bound to apply section 768.79 in this non-core bankruptcy proceeding.

Steffen argues that section 768.79 is inapplicable for two reasons. First, Steffen argues that section 768.79 does not apply in bankruptcy proceedings. Second, Steffen argues that section 768.79 is preempted by Federal Rule of Civil Procedure 68. These arguments fail.

1. Section 768.79 Applies in Bankruptcy Proceedings.

Steffen argues that section 768.79 is not substantive law in bankruptcy proceedings, but we disagree. We have held that section 768.79 is substantive law in diversity cases, Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1309 (11th Cir. 2007), and we have concluded that the substantive law of the forum state governs issues of state law that arise in bankruptcy proceedings. See Colwell v. Royal Int'l Trading Corp. (In re Colwell), 196 F.3d 1225, 1226 (11th Cir. 1999); Fruehauf Corp. v. Revitz (In re Transystems, Inc.), 569 F.2d 1364, 1366 (5th Cir. 1978). Steffen's malpractice claim is governed by Florida law in the bankruptcy court, and section 768.79 applies to this appeal.

Steffen also argues that the plain language of section 768.79 precludes its application to actions filed in federal court. Section 768.79 applies to "any civil action for damages filed in the courts of" Florida. Fla. Stat. § 768.79(1). Because

the text reads "courts of this state" instead of "courts in this state," Steffen argues that the statute applies only to actions filed in Florida courts, not to actions filed in federal courts, and Steffen cites two decisions of a district court in support of her argument. See Yossifon v. City of Cocoa Beach, 2006 WL 2130909, at *1 (M.D. Fla. July 28, 2006) (finding that section 768.69 "refers only to cases filed in Florida state courts and does not include suits filed in federal courts in the state of Florida"); Keesee v. Bank of Am., NA, 371 F. Supp. 2d 1370, 1376 n.3 (M.D. Fla. 2005) ("Although [the] Florida legislature may have a strong policy favoring the reduction of court case loads [evident from the enactment of section 768.79], that policy appears self-evidently limited to Florida courts." (citation omitted)).

This argument fails for two reasons. First, the language of section 768.79 does not bar its application to claims based on state law that are filed in federal court. The district and bankruptcy courts of our Circuit that are located in Florida are courts of Florida because they adjudicate claims under Florida law and are a part of the judicial system in that state. At least one Florida court has explained that section 768.79 "applies to all civil actions for damages brought in Florida." Marcy v. Daimlerchrysler Corp., 921 So. 2d 781, 785 (Fla. Dist. Ct. App. 2006). Second, even if we were to read "filed in the courts of [Florida]" as an attempt by the Florida Legislature to limit the application of section 768.79 to actions brought

9

in Florida courts, that attempt would fail because Florida cannot discriminate against a federal forum. Under the Supremacy Clause of the Constitution, a state can discriminate neither against a federal cause of action, Testa v. Katt, 330 U.S. 386, 394, 67 S. Ct. 810, 815 (1947); Mondou v. N.Y, New Haven & Hartford R.R. Co., 223 U.S. 1, 58–59, 32 S. Ct. 169, 178–79 (1912); see also Burnett v. Grattan, 468 U.S. 42, 60–61, 104 S. Ct. 2924, 2935 (1984) (Rehnquist, J., concurring in the judgment) ("Plainly, if the statute of limitations discriminates against federal claims, such that a federal claim would be time-barred, while an equivalent state claim would not, then the state law is inconsistent with federal law."), nor against a party's resort to a federal forum, NAACP v. Alabama ex. rel. Flowers, 357 U.S. 449, 457, 78 S. Ct. 1163, 1169 (1958) ("Novelty in procedural requirements [under state law] cannot be permitted to thwart review in this Court . . . ."). When federal courts apply state law, whether in bankruptcy or diversity, they do so as a matter of federal policy that cannot be disfavored by a state. As Justice Brandeis several decades ago wrote for a unanimous Court, "[a] state may not discriminate against rights arising under federal laws." McKnett v. St. Louis & S.F. Ry. Co., 292 U.S. 230, 234, 54 S. Ct. 690, 692 (1934).

Steffen argues that the application of section 768.79 would frustrate the purpose of the Bankruptcy Code because it would punish a debtor's estate for the

10

pursuit of a claim in a bankruptcy proceeding. We disagree. The Supreme Court recently ruled that the Bankruptcy Code does not disallow "contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 127 S. Ct. 1199, 1204 (2007). The Court described the "basic federal rule" in bankruptcy "that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law." Id. at 1205 (quoting Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20, 120 S. Ct. 1951, 1955 (2000)) (internal quotation marks omitted). The Travelers Court reversed a decision of the Ninth Circuit, which had not followed its general rule that "a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir. 1997); see also Cadle Co. v. Martinez (In re Martinez), 416 F.3d 1286, 1288 (11th Cir. 2005) (affirming an award of fees in a bankruptcy proceeding under the reciprocal attorney's fees statute in Florida, Fla. Stat. § 57.105(6)).

Steffen's argument that the application of section 768.79 in a bankruptcy case "subjects bankruptcy estates to penalties for unsuccessfully pursuing claims

11

authorized by a bankruptcy court" is unpersuasive. The statute would "penalize" the estate only if the estate did not accept a reasonable settlement offer made in good faith. Fla. Stat. § 768.79. The main purposes of bankruptcy law are to collect all of the assets and liabilities of an entity, to pay the creditors of the bankrupt to the fullest extent possible, and to give the debtor a fresh start. St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 680 (11th Cir. 1993). The goal of the statute, which is to make whole a party forced to litigate after a reasonable settlement offer is rejected, does not conflict with the purposes of the Bankruptcy Code. The statute seeks to encourage settlement and to conserve judicial resources.

### 2. Rule 68 Does Not Preempt Section 768.79.

Steffen also argues that Rule 68 preempts section 768.79. Steffen argues that both the federal rule and the state statute were designed to encourage early settlement and they directly conflict. Again, we disagree.

Federal law preempts a state statute when the two directly conflict, N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654, 115 S. Ct. 1671, 1676 (1995), but section 768.79 and Rule 68 do not conflict. Section 768.79 provides for the recovery of attorney's fees and other costs, but Rule 68 provides for an award of only costs. Compare Fla. Stat. §

12

768.79 <u>with</u> Fed. R. Civ. P. 68.  Section 768.79 also addresses offers of judgment, demands for judgment, and offers of settlement and does not require the entry of a judgment as a prerequisite.  Fla. Stat. § 768.79; <u>see also</u> <u>Abbott & Purdy Group, Inc. v. Bell</u>, 738 So. 2d 1024, 1027 (Fla. Dist. Ct. App. 1999).  Rule 68 applies only to offers of judgment, so a "judgment [against the defendant] on specified terms" is required.  Fed. R. Civ. P. 68; <u>see also</u> <u>Bell</u>, 738 So. 2d at 1027.

Eighteen years ago, we concluded that the predecessor to the current version of section 768.79 was not preempted by Rule 68, <u>Tanker Mgmt., Inc. v. Brunson</u>, 918 F.2d 1524, 1528–29 (11th Cir. 1990), and that decision controls our resolution of this issue.  In <u>Tanker</u>, the defendant made three offers that the plaintiff rejected: a proposal for settlement under section 45.061 of the Florida Statutes, an offer of judgment under an earlier version of section 768.79, and an offer of judgment under Rule 68.  <u>Id.</u> at 1526.  The district court directed a verdict in favor of the defendant and awarded the defendant costs and attorney's fees, but the court did not specify the statute under which it awarded attorney's fees.  <u>Id.</u>  We examined each provision to determine which of them, if any, could support the award of attorney's fees.  <u>Id.</u> at 1527.  We concluded that Rule 68 did not support the award because it allowed an award of only costs "unless the underlying statute that creates the cause of action expressly provides that attorney's fees are recoverable

13

as costs." Id. We concluded that the earlier version of section 768.79 did not support the award because that version did not apply to a prevailing defendant. Id. We examined section 45.061, which provided that a prevailing defendant who had served either an offer of judgment or an offer of settlement could recover attorney's fees if the plaintiff rejected the offer. Id. at 1528. We held that Rule 68 did not preempt section 45.061 because the two provisions were not in "direct collision." Id. "Rule 68 concerns only [costs] and offers of judgment, while [section 45.061] concerns attorney's fees, offers of judgment and settlement offers." Id. We explained that Rule 68 was "in no way applicable to settlement offers." Id. at 1529. In 1990, the Florida Legislature consolidated sections 768.79 and 45.061 into the current version of section 768.79, and this new provision addresses offers of judgment, demands for judgment, and offers of settlement and provides for awards of costs and attorney's fees to either party.

Akerman made offers of settlement to Steffen like the offers in Tanker. Steffen insists that Akerman made offers of judgment, not offers of settlement, because the documents she received were titled "offer of judgment," but neither offer provided for an entry of judgment against Akerman. The offers instead proposed a settlement of all claims with Steffen for $10,000 if she would "dismiss her claims against [Akerman] with prejudice." An offer of judgment, as

14

contemplated by Rule 68, requires that a judgment be entered in favor of the offeree.  Fed. R. Civ. P. 68; see also Bell, 738 So. 2d at 1027.  The offers by Akerman were like the settlement offers in Tanker, so the reasoning in Tanker compels our conclusion that Rule 68 does not preempt section 768.79.

*B.  The District Court Did Not Abuse Its Discretion When It Denied Steffen's Requests for Discovery and an Evidentiary Hearing.*

Steffen argues that the district court abused its discretion when it denied her requests for discovery and an evidentiary hearing regarding whether the motion for attorney's fees filed by Akerman was made in good faith.  She contends that the district court failed to explain its rulings.  She also argues that the denial of discovery by the district court was "essentially a denial of due process" because she could not meet her burden to prove that Akerman did not make its offer under section 768.79 in good faith without additional discovery.  These arguments fail.

As the Supreme Court has explained, "[a] request for attorney's fees should not result in a second major litigation."  Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983).  When deciding a motion for attorney's fees, courts rarely reopen discovery, and evidentiary hearings are often unnecessary.  See Fed. R. Civ. P. 54(d)(2) advisory committee's note; 2 Mary Francis Derfner & Arthur D. Wolf, Court Awarded Attorney Fees § 25.01 (2007) ("[P]ost-judgment discovery into fee issues is rare.").  A determination of a fee award by a district

15

court "solely on the affidavits in the record" is "perfectly proper." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The district court did not abuse its discretion when it denied Steffen's requests for discovery and an evidentiary hearing. Steffen did not provide the district court with any legal argument in support of her requests. She did not allege that discovery could produce any evidence that was necessary, or even helpful, to the fee determination. The district court, in a thorough opinion, initially determined that it did not have enough information in the record about the hours billed and the fees charged by Akerman to determine whether they were reasonable, so it ordered Akerman to produce evidence to support the fee application. After a review of additional affidavits and each billing entry, the district court awarded Akerman approximately half of the amount that Akerman initially requested. The district court was then able to determine an appropriate fee award, and Steffen does not challenge the amount of the award as unreasonable. We cannot conclude that the district court abused its discretion when it denied Steffen's requests for discovery and an evidentiary hearing.

Steffen cites Jamie Schapiro AIA v. Rubinson, 784 So. 2d 1135 (Fla. Dist. Ct. App. 2000), for the proposition that an "evidentiary hearing is required" in connection with a good faith inquiry under section 768.79, but Steffen

misunderstands that decision. In <u>Jamie Schapiro AIA</u>, the trial court denied the defendant's motion for attorney's fees under section 768.79 without a hearing on the ground that the defendant did not make the settlement offers in good faith. <u>Id.</u> at 1137. The appellate court determined that the trial court should have held a hearing on the issue of good faith because the trial court had not required the plaintiff to meet her burden to establish a lack of good faith. <u>Id.</u> The <u>Jamie Schapiro AIA</u> court did not hold that an evidentiary hearing is always required to determine when an offer is made in good faith, as Steffen argues. The court instead concluded that a hearing might be necessary if the record does not include evidence sufficient to establish bad faith and the court is inclined to deny a motion for attorney's fees on the basis of a bad faith offer. <u>Id.</u>

## IV. CONCLUSION

The award of attorney's fees to Akerman is

**AFFIRMED**.

17