[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10358
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-04028-SCJ


SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

BILLY WAYNE MCCLINTOCK,
individually,
d.b.a. MSC Holdings, et al.,

Defendants,

DIANNE ALEXANDER,
a.k.a. Linda Dianne Alexander,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 18, 2017)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dianne Alexander, proceeding *pro se*, appeals the district court's grant of judgment in favor of the Securities and Exchange Commission ("SEC") in a civil action alleging violations of federal securities law, which the court entered after the parties signed a consent order.  After careful review, we affirm.

## I.

The SEC initiated a civil enforcement action against Alexander and her co-defendant, Billy Wayne McClintock,[1] based on an alleged Ponzi scheme through which Alexander and McClintock collected over $15 million from more than 220 investors.  The SEC filed a notice with the district court that Alexander had signed a consent order in which she agreed:  (1) to the entry of a permanent injunction enjoining her from violating the federal securities laws she was accused of violating; (2) to disgorgement and a civil penalty; (3) that although she was not admitting or denying any allegations in the complaint, she was precluded from later asserting that she did not violate federal securities law as alleged and from challenging the validity of the consent order; (4) to waive the entry of findings of fact and conclusions of law, a jury trial, and an appeal of the entry of the permanent injunction; and (5) that she had entered into the agreement voluntarily

---

[1] Only the SEC and Alexander are parties to this appeal.

2

and without threats, offers, promises, or inducements.  The district court accepted the consent order and ultimately entered a final judgment in the case.

At no point between the filing of the consent order and the district court's entry of final judgment did Alexander challenge her agreement to the consent order or indicate dissatisfaction with her attorney.  Two months after the district court entered its final judgment, however, and in the course of contempt proceedings initiated against her by the court-appointed receiver, Alexander indicated in an email requesting new counsel (which she sent directly to the district court) that she signed the consent order under duress and in the throes of a mental breakdown. The district court entered an order denying the motion for appointment of counsel, noting that Alexander already had counsel and no motion to withdraw or for substitution of counsel had been filed.

Alexander's counsel thereafter moved to withdraw, and the district court granted the motion.  Alexander continued to file with the court complaints about her now-former counsel, who, she asserted, coerced her into signing the consent order.  At a hearing on the receiver's contempt motion, Alexander again complained about her former counsel's performance and also took issue with the substance of the allegations in the SEC's complaint.  The district court explained to Alexander that the contempt hearing was not a proper time to argue that she had

not committed the acts the SEC alleged or that her counsel had performed deficiently.

This is Alexander's appeal. In it, she contends the district court erred in failing to permit her to rescind the consent order, reasoning that she did not commit the violations alleged in the SEC's complaint and that she lacked capacity to agree to the consent order because she suffered from Posttraumatic Stress Disorder, had a traumatic brain injury, and was heavily medicated and under extreme duress during the district court proceedings. Alexander also argues the district court erred in failing to grant her a hearing to consider whether to revoke the consent order. Last, she argues that her counsel rendered ineffective assistance.[2]

## II.

We review a district court's denial of an evidentiary hearing for an abuse of discretion. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1149 (11th Cir. 2008). We also review the decision to approve, modify, or not modify a consent order for

---

[2] For the first time in her Reply Brief, Alexander contends that her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated when her counsel failed to inform her that the consent order included a waiver of her right to remain silent. With one exception not relevant to this appeal, "[a]rguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009); *see United States v. Durham*, 795 F.3d 1329 (11th Cir. 2015) (en banc) (holding that failure to raise an issue in an opening brief does not amount to waiver if the issue is based on intervening Supreme Court precedent that overturns binding circuit precedent and the defendant raises the issue in a timely fashion during the pendency of his appeal). In any event, we note that the only remedy for a *Miranda* violation is the suppression of evidence obtained therefrom in a *criminal* proceeding. *See Miranda*, 384 U.S. at 444, 467.

an abuse of discretion. *Johnson v. Florida*, 348 F.3d 1334, 1341 (11th Cir. 2003). In that context, we review for clear error the factual findings on which the district court's decision regarding the consent order is based. *Id.*

Generally, we will not consider an argument raised for the first time on appeal. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). To properly preserve an issue for appeal, a party must clearly present it to the district court in such a way as to afford the district court an opportunity to recognize and rule upon it. *In re Pan Am. World Airways*, 905 F.2d 1457, 1462 (11th Cir. 1990). Similarly, a party may waive an issue by raising it too late in the proceedings before the district court. *See Thomas v. Bryant*, 614 F.3d 1288, 1305–06 (11th Cir. 2010) (collecting cases). Nonetheless, because waiver is not a jurisdictional rule, we have recognized five exceptions, which arise when: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern. *Access Now, Inc.*, 385 F.3d at 1332.

## III.

Although Alexander sought to rescind her agreement to the consent order in the district court, she failed to do so until a contempt proceeding initiated after the

district court entered its final judgment.  Alexander's decision to raise this issue at such a late hour "was so untimely as to amount to a waiver."  *United States v. Millet*, 559 F.2d 253, 257 (5th Cir. 1977).[3]  Her argument that the district court failed to hold a hearing on the matter similarly is waived because she failed to request that the district court do so.  *See In re Pan Am. World Airways*, 905 F.2d at 1462.  And because none of the exceptions to our waiver rule applies, we do not consider these waived claims on appeal.  *Access Now, Inc.*, 385 F.3d at 1332.

We also reject Alexander's claim that her counsel rendered ineffective assistance in connection with the consent order.  Unlike in the criminal context, a civil defendant has no constitutional or statutory right to the effective assistance of counsel.  *Mekdeci v. Merrell Nat'l Labs., Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1522 (11th Cir. 1983).  Thus, this claim fails as a matter of law.

For these reasons, we affirm.

**AFFIRMED.**

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.