[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13592

Non-Argument Calendar

_____

In re: 160 ROYAL PALM, LLC,

Debtor.

_____

GLENN F. STRAUB, PALM BEACH POLO, INC.,

Defendants-Appellants,

*versus*

160 ROYAL PALM, LLC,

Plaintiff-Appellee.

—————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-81546-DMM

—————————————

Before JILL PRYOR, NEWSOM, and MARCUS, Circuit Judges.

PER CURIAM:

This appeal concerns the denial of attorney's fees in a bankruptcy action. Glenn Straub and his company, Palm Beach Polo, Inc., prevailed in an adversary proceeding brought by 160 Royal Palm, LLC, during 160 Royal Palm's voluntary Chapter 11 bankruptcy. Straub and Palm Beach Polo then sought attorney's fees under a Florida fee-shifting statute. They were denied the fees, however, because the bankruptcy court determined that the Florida statute did not apply to an action governed by federal law. The district court affirmed, and Straub and Palm Beach Polo appealed to this Court. After careful review, we affirm.

**I.**

In 2018, 160 Royal Palm -- acting as the debtor in possession of its own estate and property and possessing the powers of the trustee -- filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Florida. Soon after, 160 Royal Palm transferred over $6 million to Straub and $8 million to Palm Beach Polo, as consideration for the sale of Straub's equity interest in 160 Royal Palm.

A little over a year later, 160 Royal Palm filed a complaint against Straub and Palm Beach Polo in the same court, seeking to avoid those transfers and to recover the money.  The action proceeded to trial in 2021, after which the bankruptcy court issued a final judgment in favor of Straub and Palm Beach Polo.  The district court and, later, a panel of this Court affirmed that judgment.  *See 160 Royal Palm, LLC v. Straub (In re 160 Royal Palm)*, No. 22-12901, 2023 WL 2733533, at *1–2 (11th Cir. Mar. 21, 2023) (per curiam).

Straub and Palm Beach Polo then moved for $389,863.50 in attorney's fees under the Florida Offer of Judgment Statute, Fla. Stat. § 768.79.  As relevant here, that statute entitles a prevailing party to costs and attorney's fees "[i]n any civil action for damages" in the state of Florida, if other preconditions are met.  *Id.*  In their motion, Straub and Palm Beach Polo argued that they were entitled to fees under the Florida statute because the adversary proceeding they'd won in bankruptcy court was a civil action for damages taking place in Florida and they had met the statutory preconditions.  160 Royal Palm responded that the statute applies only to actions for damages rooted in Florida state law, and its sole request for damages -- a request to recover the avoided transfers -- came under 11 U.S.C. § 550(a), a federal law.

After a hearing on August 18, 2021, the bankruptcy court denied the motion for attorney's fees.  The bankruptcy court first recognized that the Florida Offer of Judgment Statute could apply in federal court, including in bankruptcy court, if an applicable Florida state-law claim was being pursued in that court.  But this case

arose "entirely under Federal law."  As the bankruptcy court saw it, 160 Royal Palm, acting as the trustee in the bankruptcy proceeding, sought relief under two provisions of the federal bankruptcy code: (1) it first sought an order under 11 U.S.C. § 544(b)(1) to avoid certain transfers to the defendant, and (2) it then sought a money judgment for the value of those avoided transfers under 11 U.S.C. § 550(a).  The bankruptcy court noted that a theoretical creditor plaintiff could have sought avoidance and recovery of transfers under the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. §§ 726.101 *et seq.*, but that 160 Royal Palm "did not have any independent right of action against the defendants under Florida law" because it was a non-creditor.  The bankruptcy court explained that 160 Royal Palm's complaint referenced Florida's statutes on fraudulent transfers only because, to meet the federal law's requirements, it needed "to show that an unsecured creditor could have successfully obtained avoidance of the transfers under Florida law."  Further, the bankruptcy court pointed out that the only claim for damages here arose under federal law, namely 11 U.S.C. § 550(a).  On appeal, the district court affirmed in full.

Straub and Palm Beach Polo now appeal to this Court.

## II.

When a district court affirms a bankruptcy court's order, as happened here, we review the bankruptcy court's decision. *L. Sols. of Chi. LLC v. Corbett*, 971 F.3d 1299, 1304 (11th Cir. 2020).  In so doing, we review its findings of fact for clear error and its legal conclusions *de novo*. *Id.*

In this case, the bankruptcy court properly denied Straub and Palm Beach Polo's motion for attorney's fees. The bottom line is simple: Florida's Offer of Judgment Statute does not apply to this proceeding, so Straub and Palm Beach Polo are not entitled to attorney's fees.

To get there, we start with whether the Florida Offer of Judgment Statute ever applies in bankruptcy proceedings. It turns out that it can apply in bankruptcy, sometimes. This is because the Florida statute is a substantive state law, *Se. Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 80 (Fla. 2012), and "the substantive law of the forum state governs issues of state law that arise in bankruptcy proceedings," *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008) (citing *Colwell v. Royal Int'l Trading Corp. (In re Colwell)*, 196 F.3d 1225, 1226 (11th Cir. 1999) (per curiam)). Thus, the Florida statute applies in bankruptcy proceedings for money damages governed by Florida state law. *Id.* (applying the Florida Offer of Judgment Statute in a bankruptcy proceeding).

However, Florida's Offer of Judgment Statute does *not* apply to bankruptcy proceedings governed by *federal* law. Just as state substantive law governs state-law claims, federal substantive law governs federal-law claims. *Sola Elec. Co. v. Jefferson Elec. Co.*, 317 U.S. 174, 176 (1942). And federal courts cannot shift attorney's fees absent statutory or contractual authority or without invoking their inherent authority to sanction bad faith efforts by one party. *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 255–59 (1975). Notably, the parties to this appeal do not claim that the

courts' independent authority to impose sanctions is the basis for the fee request in this case.

So, according to the relevant case law, Straub and Palm Beach Polo could be eligible for attorney's fees under the Florida Offer of Judgment Statute only if 160 Royal Palm brought a suit for damages *under Florida state law*. But, as the bankruptcy court correctly decided, the proceeding at issue was governed by federal law. As we'll explain, there is no question that the relief 160 Royal Palm sought was available to it only under federal law.

In its complaint, 160 Royal Palm asked for two things. First, it wanted to avoid two allegedly fraudulent transfers. For avoidance, 160 Royal Palm cited 11 U.S.C. § 544(b) and Florida Statutes § 726.105(1) and § 726.106(1). Second, it wanted to recover the amounts of those transfers. For recovery, it cited 11 U.S.C. § 550(a) and Florida Statute § 726.108(1)(a). But notwithstanding its citations to the state statutes, 160 Royal Palm pled causes of action that only could have arisen under the federal statutes.

Start with avoidance. The bankruptcy code allows a "trustee [to] avoid any transfer of an interest of the debtor . . . that is voidable under applicable law by a creditor holding an unsecured claim." 11 U.S.C. § 544(b)(1); *see Menotte v. United States (In re Custom Contractors, LLC)*, 745 F.3d 1342, 1346 (11th Cir. 2014). The "applicable law" can be state or federal law. *Westgate Vacation Villas, Ltd. v. Tabas (In re Int'l Pharm. & Discount II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005) (per curiam). This means that where a state law allows an unsecured creditor to avoid a transfer, federal law

allows a trustee to avoid it, too.  Florida law, meanwhile, designates only certain "transfer[s] made . . . fraudulent as to a creditor." Fla. Stat. §§ 726.105(1)(a), 726.106(1).  That is, under the relevant sections of FUFTA, transfers are avoidable only by a *creditor*.

Now turn to recovery.  The bankruptcy code allows a "trustee [to] recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from: (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a).  The cited state law allows, "[i]n an action for relief against a transfer, . . . a creditor" to avoid a transfer "to the extent necessary to satisfy the creditor's claim." Fla. Stat. § 726.108(1)(a).  In other words, the cited federal law provides a right to recovery, but the cited state law says nothing about recovery.  And, in any event, the Florida law still applies only to a creditor.

Here, 160 Royal Palm, as a debtor in possession, had the powers of a bankruptcy trustee. *See* 11 U.S.C. § 1107(a).  So, under federal law, it could bring an action to (1) seek avoidance whenever an unsecured creditor could seek avoidance under state law, and (2) recover the amount avoided.  But, 160 Royal Palm was not a creditor, so it had no ability to seek avoidance or recovery under the Florida laws it cited.  The only law that governed its claims was federal.  And because federal law governed the adversarial proceeding's claims, Florida substantive law -- including the Florida Offer of Judgment Statute -- had no role to play.

As for Straub and Palm Beach Royal's arguments to the contrary, we remain unconvinced. They first rely on *Menchise v. Akerman Senterfitt* for the proposition that the Florida Offer of Judgment Statute applies whenever a plaintiff seeks avoidance and recovery under Florida law. Even if that's true, it's irrelevant here. In *Menchise*, the plaintiff used the bankruptcy proceeding to bring a legal malpractice claim, which was governed entirely by state law. 532 F.3d at 1149. Our Court held that, because the case was governed solely by Florida law, the Florida Offer of Judgment Statute applied. *Id.* at 1150–53. Again, however, in this case, 160 Royal Palm acted as a trustee, not a creditor, so it could only seek avoidance and recovery through federal law. And since state law did not apply here, Straub and Royal Palm Beach could not avail themselves of the Florida Offer of Judgment Statute.

They also appear to argue that the incorporation of state law into the elements of the federal statute made the case governed by state law. They cite no authority in support of this theory. And, indeed, the only authority we've found on this issue cuts the other way. "Section 544(b)(1) does not authorize a trustee to bring an avoidance action in state court, rather the statute permits a trustee to pursue a *federal* cause of action in bankruptcy court." *Zazzali v. United States (In re DBSI, Inc.)*, 869 F.3d 1004, 1015 (9th Cir. 2017) (emphasis in original); *accord Kelley as Tr. for PCI Liquidating Tr. v. Boosalis*, 974 F.3d 884, 902–03 (8th Cir. 2020). We agree with our sister circuits. The federal law simply grabs the state law and broadens its scope, providing to a trustee what is otherwise available under state law only to a creditor.

Straub and Palm Beach Royal next claim that 160 Royal Palm's claim for recovery of the avoided transfers unambiguously sought recovery under Florida law. Specifically, they point to the complaint, which requested "the value of said Transfers, plus interest, from the Defendants pursuant to 11 U.S.C. § 550(a) and Fla. Stat. § 726.108(1)(a)." But, as we've discussed, § 726.108(1)(a) provides only a claim for avoidance, not recovery. Straub and Palm Beach Royal then switch course and cite to another statutory provision, Fla. Stat. § 726.109(2), which allows a "creditor" to "recover judgment for the value of the asset transferred," to the extent "a transfer is voidable in an action by a creditor under [§] 726.108(1)(a)." *Id.* But 160 Royal Palm's complaint never cited to § 726.109(2), so we will not assume that 160 Royal Palm sought recovery under that provision. Regardless, 160 Royal Palm could not seek recovery under that provision because it was not a creditor.

Finally, Straub and Palm Beach Royal argue that 160 Royal Palm's pursuit of prejudgment interest turned this case into a suit for damages under Florida law. But "the allowance of prejudgment interest and the fixing of the time from which interest shall accrue are discretionary with the court," so "[t]he bankruptcy court may award interest from the date of demand, the institution of the suit, or from the point at which the transferee could be said to hold the transfer wrongfully." *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 709 (11th Cir. 2005). Straub and Palm Beach Royal do not explain how 160 Royal Palm's request for prejudgment interest fell under Florida law, as opposed to under the

bankruptcy court's inherent discretion, especially since its underlying basis for recovery could only be found in federal law.

All told, this was a federal case governed by federal law. The Florida Offer of Judgment Statute had no relevancy, so Straub and Royal Palm Beach had no claim to attorney's fees.

**AFFIRMED.**